UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CANDY L. HENDERSHOT,           )
                               )      No. CV-09-244-JPH
         Plaintiff,            )
                               )
v.                             )      ORDER GRANTING PLAINTIFF'S
                               )      MOTION FOR SUMMARY
MICHAEL J. ASTRUE,             )      JUDGMENT AND REMANDING FOR
Commissioner of Social Security, )    ADDITIONAL PROCEEDINGS
                               )      PURSUANT TO SENTENCE FOUR 42
         Defendant.            )      U.S.C. § 405(g)
                               )
                               )
                               )

    BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 16, 18.) Attorney

Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Stephanie R. Martz

represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.)

After reviewing the administrative record and briefs filed by the parties, the court **DENIES** defendant's

Motion for Summary Judgment and **GRANTS** plaintiff's Motion for Summary Judgment.

**JURISDICTION**

    Plaintiff Candy L. Hendershot (plaintiff) protectively filed for supplemental security income (SSI)

and disability insurance benefits (DIB) on November 18, 2004. (Tr. 123, 204, 211.) Plaintiff alleged an

onset date of September 7, 2000. (Tr. 123, 211.) Benefits were denied initially and on reconsideration.

(Tr. 150, 153.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held

before ALJ R.J. Payne on April 11, 2007. (Tr. 658-708.) Plaintiff was represented by counsel and

testified at the hearing. (Tr. 678-707.) Medical expert George Weilepp, M.D., also testified. (Tr. 660-

77.) The ALJ denied benefits (Tr. 123-37) and, after considering additional evidence submitted by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

1  plaintiff, the Appeals Council denied review.  (Tr. 7-11.)  The matter is now before this court pursuant

2  to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

4  The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and

5  the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

6  Plaintiff was 35 years old at the time of the hearing.  (Tr. 678.)  She has a high school diploma.

7  (Tr. 679.)   Plaintiff last worked in December 2006 as a caregiver, providing light housekeeping and

8  assisting with transportation to appointments and shopping.  (Tr. 679-81.)  She also has work experience

9  as a general laborer, cab driver, nurse assistant, receptionist, and exotic dancer.  (Tr. 682-86.)  Plaintiff

10 testified she has been involved more than three motor vehicle accidents, and the record reflected accidents

11 in 1994, 2001, and 2003.  (Tr. 360, 389, 468, 686-87.)  The 2001 accident caused pain in plaintiff's neck

12 and low back.  (Tr. 360.)  Plaintiff had a discectomy in November 2001 which relieved 80 to 90 percent

13 of her leg pain, but after the 2003 motor vehicle accident, her leg pain returned.  (Tr. 687.)  Plaintiff has

14 pain in both legs running from the top of the thigh down the side of the legs to the top of her feet.  The

15 pain varies in location and intensity, but she is in constant pain.  (Tr. 687-90.)  Plaintiff has constant back

16 pain, and testified that two to three days each week she is immobilized by pain.  (Tr. 691.)  She has pain

17 in her low back, mid back and neck as well as her legs.  (Tr. 691.)  Plaintiff also testified that she has

18 depression and that her memory has been terrible.  (Tr. 700.)  She said she struggles to get anything

19 accomplished because her pain is so bad and she is overwhelmed.  (Tr. 702-03.)

### STANDARD OF REVIEW

21 Congress has provided a limited scope of judicial review of a Commissioner's decision.  42

22 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the

23 determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler,*

24 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The

25 [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are

26 supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42

27 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

28 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan,* 888 F.2d 599,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -3

1   engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities,

2   benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

3         If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step

4   two and determines whether the claimant has a medically severe impairment or combination of

5   impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe

6   impairment or combination of impairments, the disability claim is denied.

7         If the impairment is severe, the evaluation proceeds to the third step, which compares the

8   claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be

9   so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii);

10  20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the

11  claimant is conclusively presumed to be disabled.

12        If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to

13  the fourth step, which determines whether the impairment prevents the claimant from performing work

14  he or she has performed in the past.  If plaintiff is able to perform his or her previous work, the claimant

15  is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual

16  functional capacity ("RFC") assessment is considered.

17        If the claimant cannot perform this work, the fifth and final step in the process determines whether

18  the claimant is able to perform other work in the national economy in view of his or her residual

19  functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

21        The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement

22  to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

23  1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or

24  mental impairment prevents him from engaging in his or her previous occupation.  The burden then

25  shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial

26  gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant

27  can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since September 7, 2000, the alleged onset date. (Tr. 125.) At step two, he found Plaintiff has the following severe impairments: pain disorder with narcotic use; multi-level disc disease, status post laminectomy; mild obesity; and depression. (Tr. 125.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 131.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform the full range of light work. The claimant is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently. She can stand and walk 6 hours out of an 8 hour day and alternate sitting and standing (not requiring moving around much but just changing positions) every 1 to 1 ½ hours up to 6 hours out of an 8 hour day. She is limited to only occasional kneeling and crawling and she should avoid climbing ladders, ropes or scaffolds, concentrated exposure to extreme cold, industrial type vibration, hazardous machinery and heights.

(Tr. 132.) At step four, the ALJ found plaintiff is capable of performing past relevant work as a cab driver, receptionist, caregiver and exotic dancer. (Tr. 136.) Thus, the ALJ concluded plaintiff has not been under a disability, as defined in the Social Security Act, from September 7, 2000 through the date of the decision. (Tr. 137.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the ALJ failed to properly reject the opinions of treating and examining physicians; (2) the ALJ erroneously determined plaintiff's mental impairments impose no more than a minimal or de minimis limitation on her ability to do work-related activities; and (3) the weight of the record should include evidence submitted to the Appeals Council but not considered by the ALJ. (Ct. Rec. 17 at 12-23.) Defendant argues: (1) the ALJ properly rejected the treating physician's opinion; (2) the ALJ properly found plaintiff's impairments are not severe; and (3) medical evidence submitted to the Appeals Council does not relate to the relevant period. (Ct. Rec. 19 at 5-15.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

**DISCUSSION**

Plaintiff argues the ALJ improperly determined she does not have a severe mental impairment at step two of the sequential evaluation process. (Ct. Rec. 17 at 18.)  At step two, the ALJ must determine whether a claimant suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations.  *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two.  Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  S.S.R. 85-28.  The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).  "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  S.S.R. 85-28.  Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting."  *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities.  20 C.F.R. § 416.929.  If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process.  *Id.*  As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

1  basic work activities." S.S.R. 85-28. Thus, in determining whether a claimant has a severe

2  impairment, the ALJ must evaluate the medical evidence.

3      The ALJ's step two finding mentions the following severe mental impairments: pain disorder

4  with narcotic use[1] and depression. (Tr. 125.) However, the ALJ's explanation of the finding

5  discusses only depression and anxiety and states that "these impairments are imposing no more than a

6  minimal or *de minimis* limitation upon her ability to do work-related activities, and therefore, are not

7  severe impairments." (Tr. 131.) Thus, the ALJ's analysis of the depression evidence contradicts the

8  stated finding that depression is a severe impairment. The parties treat the inconsistency between the

9  ALJ's findings and analysis as a determination that depression is not a severe impairment. (Ct. Rec.

10 17 at 18-21, Ct. Rec. 19 at 9-13.) Thus, the only mental impairment determined to be a severe

11 impairment at step two is plaintiff's pain disorder. [2]

12

13      [1]Pain disorder is a recognized mental disorder and a subcategory of somatoform disorders.

14 DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4TH Ed. at 445. The essential feature

15 of a pain disorder is "pain that is the predominant focus of the clinical presentation and is of sufficient

16 severity to warrant clinical attention." *Id.* at 458. Other diagnostic criteria include: (1) pain causes

17 significant distress or impairment in social, occupation or other important areas of functioning; (2)

18 psychological factors are judged to play a significant role in the onset, severity, exacerbation, or

19 maintenance of the pain; the pain is not intentionally produced or feigned. *Id.* Pain disorder may be

20 associated with the inability to work, frequent use of the health care system, the pain becoming a major

21 focus of the individual's life, substantial use of medications, and relational problems and disruption of

22 a normal lifestyle. *Id.*

23      [2]The parties appear to assume the ALJ rejected all mental impairments at step two. Plaintiff

24 asserts, "[T]he ALJ determined that Ms. Hendershot did not have a severe mental impairment."(Ct. Rec.

25 17 at 18.) Defendant similarly states, "Although the ALJ stated in his formal finding that he found

26 depression to be a severe impairment at step two, in his discussion he found that Plaintiff's mental

27 impairments were not severe." (Ct. Rec. 19 at 4.) The ALJ's step two analysis of mental impairments

28 mentions only depression and anxiety. (Tr. 131.) The ALJ concluded, "After careful review of the

record, the undersigned finds that *these impairments* [depression and anxiety] are imposing no more than

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

1   The ALJ found depression and anxiety are not severe impairments, and the finding is

2   supported by substantial evidence.  As noted by the ALJ, plaintiff's complaints of depression and

3   anxiety are sporadic and plaintiff received treatment for those conditions intermittently.  (Tr. 426,

4   431, 480, 481, 493, 494, 523, 586, 589, 612.)  The ALJ pointed out plaintiff's depression was stable

5   when she was taking medication and that she reported improvement to her treating physician.  (E.g.,

6   Tr. 583, 586, 589.)  Plaintiff denied excessive crying, persistent feelings of sadness or hopelessness

7   and fatigue.  (Tr. 586, 589.)  The ALJ reasonably interpreted the depression and anxiety evidence as

8   imposing no more than a minimal limitation on plaintiff's ability to do work-related activities.

9   Therefore, there was no error in the ALJ's findings regarding depression and anxiety at step two.

10       However, although the ALJ determined that plaintiff's pain disorder is a severe impairment,

11   the ALJ  failed to account for the disorder or discuss its implications in the remainder of the

12   sequential evaluation process.  (Tr. 132-36.)  If an ALJ finds an impairment severe at step two, that

13   impairment must be considered in the remaining steps of the sequential process.  *Bray v. Comm'r*,

14   554 F.3d 1219, 1228 (9th Cir. 2009); 20 C.F.R. §§ 404.1523, 4216.923.   Although the ALJ

15   summarized the opinion of Dr. Mabee, an examining psychologist who diagnosed pain disorder, the

16   ALJ did not accept or reject the opinion or analyze it in any detail, nor did the ALJ address the

17   limitations assessed by Dr. Mabee.[3]  (Tr. 129, 131.)

18   _____

19   a minimal or *de minimis* limitation upon her ability to do work-related activities, and therefore, are not

20   severe impairments."  (Tr. 131, emphasis added.)  The ALJ's only mention of pain disorder outside the

21   summary of the medical evidence is the finding that it is a severe impairment.  (Tr. 125, 129, 130.)  The

22   court finds no reason to conclude the ALJ intended reject the pain disorder as a severe impairment at step

23   two.

24       [3]In evaluating medical or psychological evidence, a treating or examining physician's opinion is

25   entitled to more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592

26   (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining

27   physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.

28   *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate"

reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

1    In a psychological evaluation dated March 11, 2007, Dr. Mabee diagnosed pain disorder

2  associated with both psychological factors and a general medical condition, chronic; dysthymia;

3  passive-aggressive features; and rule out borderline intellectual functioning.  (Tr. 567.)    Dr. Mabee

4  completed a DSHS psychological/psychiatric evaluation form which indicates plaintiff has five

5  moderate cognitive and social limitations and two severe social limitations.  (Tr. 562.)  The ALJ

6  pointed out that Dr. Mabee indicated plaintiff would be able to understand and follow simple as well

7  as complex verbal and written instructions, that her pace and performance at a given task will be

8  average, and her ability to reason and use appropriate judgment is average.  (Tr. 129, 131.)  The ALJ

9  also reported that Dr. Mabee noted "some difficulties" navigating in a typical work environment

10  primarily due to her pain disorder and not cognitive limitations.  (Tr. 130.)

11    However, the ALJ did not mention that Dr. Mabee also opined that plaintiff would have

12  difficulty focusing and sustaining concentration and memory, and the statement that her persistence

13  and pace would be average was qualified with "provided that she is not in a lot of physical pain**."**

14  (Tr. 568.)  Dr. Mabee indicated that plaintiff would have "some *significant* difficulties navigating in a

15  typical work environment" and that "her problems make her limited in the types of work she would

16  be able to do."  (Tr. 568, emphasis added.)  Dr. Mabee concluded plaintiff has "significant difficulty

17  functioning on a daily basis" and "difficulty doing many normal everyday activities," (Tr. 567.)  The

18  ALJ also failed to discuss the severe limitations in responding appropriately to and tolerating the

19  pressures and expectations of a normal work setting and the ability to control physical or motor

20  movements and maintain appropriate behavior assessed by Dr. Mabee on the DSHS evaluation form.

21  (Tr. 562.)  Limitations on activities of daily living, social functioning and completing work in a

22  timely fashion have the potential to affect the residual functional capacity, and thus the ability to

23  work.  *Nguyen v. Chater*, 100 F.3d 1462, 1466 n. 3 (9th Cir. 1996).  The limitations identified by Dr.

24  _____

25  (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of

26  regular medical treatment during the alleged period of disability, and the lack of medical support for

27  doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate

28  reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and*

*Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

1  Mabee are probative as to plaintiff's mental capabilities and ultimately her ability to work, yet the

2  ALJ did not adequately discuss or analyze them.

3        Additionally, the testimony of the medical expert, Dr. Weilepp, suggests the ALJ's

4  consideration of limitations due to plaintiff's pain disorder is inadequate.  Shortcomings in objective

5  medical evidence may be irrelevant when the primary disorder causes a claimant to exaggerate

6  physical problems beyond the indications of medical evidence.  *Easter v. Bowen*, 867 F.2d 1128,

7  1130 (8th Cir. 1989).  Dr. Weilepp testified that plaintiff's "number one" problem is a pain disorder

8  with narcotic use as a result of a surgical procedure, back disease and multiple motor vehicle

9  accidents.  (Tr. 665-66.)  Dr. Weilepp also noted that "Most orthopedists, most surgeons and *other*

10 *than the pain issue* would allow her to return to a pretty productive lifestyle with the medications."

11 (Tr. 668, emphasis added.)   When asked about the treating physician's assessment that plaintiff was

12 limited to sedentary work, Dr. Weilepp stated, "And the family doctor put her at sedentary and I'm

13 assuming that's because of the pain issue.  Now again an orthopedist views it differently then [sic] the

14 family physicians and she may have with her medications and *with the pain issues may be at*

15 *sedentary*." (Tr. 675-76, emphasis added.)  Dr. Weilepp's testimony suggests that while

16 orthopedically, plaintiff may have few limitations, her "pain issue," or pain disorder, may cause

17 greater limitations.[4]

18        The ALJ erred by not considering limitations caused by pain disorder throughout the

19 sequential evaluation process.   The failure to consider the effects a severe impairment at other steps

20 of the sequential evaluation calls into question the remainder of the ALJ's findings.  The effects of a

21 pain disorder are particularly relevant to the ALJ's other findings, including the credibility finding

22 and the rejection of the opinion of Dr. Decker, a treating physician.  The ALJ rejected Dr. Decker's

23 opinion in part because, according to the ALJ, it was without substantial support from other objective

24 evidence in the record.  (Tr. 136.)  As discussed above, the nature of a pain disorder may result in

25

26 _____

27       [4]The ALJ suggests Dr. Weilepp opined that plaintiff's pain disorder symptoms are relieved, or

28 "abated," by prescription narcotics.  (Tr. 130.)  This suggestion is not supported by Dr. Weilepp's
   testimony.  (Tr. 660-77.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

pain complaints in excess of the objective evidence.  Because the ALJ failed to consider the effects of

a pain disorder throughout the remainder of the sequential analysis, the matter must be remanded.

The court expresses no opinion as to what the outcome on remand will or should be.

**CONCLUSION**

The ALJ's decision is not supported by substantial evidence and free of legal error.  A remand

is necessary for consideration of all severe impairments throughout the sequential evaluation process.

On remand, the additional records submitted to the Appeals Council are part of the record to be

considered by the ALJ, as well as any additional evidence the ALJ determines is appropriate.  The

ALJ may find additional psychological opinion evidence or expert testimony helpful.

Accordingly,

**IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED**.  The matter is

remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C.

405(g).

2.       Defendant's Motion for Summary Judgment **(Ct. Rec. 18 )** is **DENIED**.

3.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for

plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED August 25, 2010

_____S/ JAMES P. HUTTON_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11